# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY, | Case No. 1:14-cv-01952-AWI-DLB (PC) |
| Plaintiff, | ORDER (1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING ACTION, WITHOUT PREJUDICE, PURSUANT TO 28 U.S.C. § 1915(G), AND (3) DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| GAIL LEWIS, et al., | |
| Defendants. | |
| | (ECF Nos. 3 and 4) |

Plaintiff Johnney Ramey, # D-40605, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 8, 2014. He filed a first amended complaint on December 22, 2014. On January 5, 2015, he filed a motion for leave to proceed in forma pauperis.

Plaintiff is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] The Court has reviewed Plaintiff's complaint and his allegations do not satisfy the

---

[1] The Court takes judicial notice of the following United States District Court cases: CV-F-98-5450 AWI DLB P Ramey v. County of Fresno (dismissed on August 20, 1998 for failure to state a claim); CV-F-97-6215 OWW DLB P, Ramey v. Sylvester (Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

imminent danger exception to section 1915(g).[2]  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1055-56 (9th Cir. 2007).  Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to litigate his claim.

      Accordingly, the Court HEREBY ORDERS as follows:

1.    Plaintiff's motion for leave to proceed in forma pauperis in this action is DENIED;

2.    This action is DISMISSED, without prejudice to re-filing accompanied by the $400.00 filing fee; and

3.    The Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   February 12, 2015               /s/                                   
                                                    SENIOR DISTRICT JUDGE

---

12(c) granted on March 29, 1999; motion not treated as a motion for summary judgment); CV-F-98-6327 OWW SMS P <u>Ramey v. Loo</u> (dismissed on May 25, 1999 for failure to state a claim); and CV-F-02-6287 OWW SMS P, <u>Ramey v. Mackin</u> (dismissed for failure to state a claim on September 2, 2005.)  These strikes were final prior to the date Plaintiff filed this action.  <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1098-1100 (9th Cir. 2011).

[2] Plaintiff is suing Gail Lewis, James Yates, Dr. Larry Loo, Matthew Cate, J. L. Schneider, D. Pappgianis, B. Leistikow, J. Mohle Boetani, and Theresa Schwartz, who were all employees of Pleasant Valley State Prison between the years of 1997 and 2014.  (Comp., pp. 9-10.)  Plaintiff's claim arises out of his alleged exposure to dust containing the Cocciodioidomycosis spore with no forewarning or preventative measures while at Pleasant Valley State Prison.  Plaintiff alleges this exposure subjected him to a four to six times higher risk of injuries or death between the years 1997 and 2014.  Plaintiff does not complain that he acquired Valley Fever as a result; he only complains he was exposed to the spore.  Moreover, Plaintiff is now housed at Folsom State Prison and no longer at high risk of exposure to the Cocciodioidomycosis spore.  Therefore, his allegations do not satisfy the imminent danger exception to section 1915(g).